■ TAMRA HECKER, Appellant, v RICHARD HECKER, Respondent.—In an action in which the plaintiff wife was granted a judgment of divorce, she appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County, dated March 10, 1976, as denied the branch of her motion which sought an increase in the amount of child support pursuant to the adjustment clause of the separation agreement executed by the parties. Order reversed insofar as appealed from, with $50 costs and disbursements, and the matter is remanded to Special Term for further proceedings in accordance herewith. Under paragraph 6 of the separation agreement, the defendant husband is obligated to pay $325 weekly "as alimony and child support" for the wife and their three children. That paragraph further provides that, if the parties are divorced and the wife remarries, defendant's obligation "to make additional payments * * * as alimony for [plaintiff's] support and maintenance" terminates. Defendant would then have to pay $50 per week for each unemancipated child as "Child Support". If plaintiff does not remarry, "the applicable payments to the Wife shall be reduced, upon the emancipation of the Child", by $50 per week. Paragraph 9, which is applicable, "anything set forth in this Agreement to the contrary notwithstanding", provides for an adjustment in payments in the event of changes in the cost of living, based upon the Consumer Price Index for October, 1973 (the "Basic Index"). That paragraph provides: "(A) If the then Current Index is higher than the Basic Index, and such Index shall have increased by at least five (5%) per cent over the Basic Index for October, 1973, the alimony and support payments set forth herein, if required to be made, shall be increased prospectively proportionately from that date by the percentage of such increase. Each successive five (5%) per cent increase (i.e., at 5 at 10%, etc.) in the Cost of Living Index from the Basic Index to the then Current Index shall be followed by an increase prospectively from that date in the payments required to be made by the Husband herein by the percentage of such increase, all of which shall be deemed alimony. * * * (B) The Husband shall be similarly entitled to any decrease prospectively in such payments in the event [of] a decrease, at any time, in the said Cost of Living Index to the same extent and under the same formula as is set forth herein with regard to the increase in the Cost of Living Index." Plaintiff, who has remarried, seeks an increase under paragraph 9(A) in the $50 weekly payments due as child support under paragraph 6(A). Special Term denied the increase on the ground that paragraph 9(A) "provides that any increase be deemed alimony and in effect makes no provision to increase the award of $50.00 per week for each unemancipated child after the plaintiff's remarriage."

This was erroneous, since the language of paragraph 9 is ambiguous with respect to its applicability to the $50 weekly "Child Support" payments to be made under paragraph 6(A) for each unemancipated child. Therefore, a hearing should be held to resolve the existing questions of fact, including the intent of the parties. Latham, Acting P. J., Margett, Rabin, Titone and Hawkins, JJ., concur.