■ ALEXANDER LORIS, Appellant, v SHEILA LORIS, Respondent.—In an action in which a judgment of divorce had been granted, plaintiff husband

appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County, entered April 19, 1979, as, after a hearing, (1) reduced his weekly support payments from $250 to $180 pursuant to a stipulation between the parties which was incorporated into, but not merged in, the judgment of divorce; (2) denied his application to eliminate alimony payments on the ground that defendant was living with another man; (3) established arrears in the sum of $3,000, and directed the entry of a money judgment in favor of the defendant in that sum; and (4) ordered that execution of such judgment be stayed so long as the plaintiff pay to the defendant the sum of $200 per week consisting of $180 current alimony and $20 arrears, until the judgment is satisfied. Order modified, on the law, by deleting therefrom the second decretal paragraph and so much of the sixth decretal paragraph thereof as directs the plaintiff to pay $180 per week in support to the defendant. As so modified, order affirmed insofar as appealed from, without costs or disbursements, and matter is remanded to Special Term for further proceedings not inconsistent herewith. In the interim the plaintiff shall pay the defendant $100 per week for her support. The two youngest children of the marriage left defendant to live with plaintiff in July, 1978. Plaintiff then moved by order to show cause for an order, *inter alia,* to modify the judgment of divorce by granting him custody of the two children. Plaintiff also asserted that in the event of a custody change his support payments to the defendant should be reduced by $150 ($75 for each child) in accordance with the judgment of divorce which incorporated a stipulation of the parties to that effect. Special Term awarded custody of both children to plaintiff, but concluded that the stipulation unambiguously provided for only a $70 ($35 for each child) reduction in support upon the occurrence of this event. We believe the stipulation is sufficiently ambiguous on·this point to require a hearing thereon (see *Hecker v Hecker,* 54 AD2d 577). Hopkins, J. P., Lazer, Gibbons and Weinstein, JJ., concur.